JOHN W. CAMPBELL, ESQ. (WSB 13798)
ESPOSITO, GEORGE & CAMPBELL, PLLC
960 Paulson Building
421 West Riverside Avenue
Spokane, Washington 99201
Telephone: (509) 624-9219
Facsimile: (509) 624-9231

JAMES I. STANG, ESQ. (CA BAR 94435)
JOHN D. FIERO (CA BAR 136557)
J. RUDY FREEMAN, ESQ. (CA BAR 188032)
PACHULSKI, STANG, ZIEHL, YOUNG,
 JONES & WEINTRAUB P.C.
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Counsel for COMMITTEE OF TORT LITIGANTS

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No.: 04-08822-PCW11 |
| **THE CATHOLIC BISHOP OF SPOKANE a/k/a THE CATHOLIC DIOCESE OF SPOKANE** | Chapter 11 |
| Debtor. | |
| **COMMITTEE OF TORT LITIGANTS,** | Adv. Case No. 05-80038 |
| Plaintiff, | **COMMITTEE OF TORT LITIGANTS' OMNIBUS EVIDENTIARY OBJECTIONS TO AFFIDAVITS PROFFERED BY THE PARISHES IN OPPOSITION TO COMMITTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| **THE CATHOLIC BISHOP OF SPOKANE, et al.,** | |
| Defendants. | |

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS 1

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219 Fax: (509) 624-9231

05-80038-PCW    Doc 240    Filed 06/13/05    Entered 06/13/05 11:01:00    Pg 1 of 20

The Committee of Tort Litigants (the "Committee") hereby submits its omnibus evidentiary objections to the affidavits and accompanying exhibits proffered by the Parishes (the "Parish Affidavits") of the Debtor, The Catholic Bishop of Spokane a/k/a The Catholic Diocese of Spokane ("Debtor" or "Diocese") and each of them in support of their oppositions to the Committee's Motion for Partial Summary Judgment [Docket No. 63] (the "Motion").[1]

# I.
# INTRODUCTION

In support of their oppositions to the Motion, the parishes filed 48 individual affidavits to substantiate their collective contentions that each of the Parishes have separate cognizable ownership interests in the Disputed Real Property that is titled in the name of the Debtor and is the subject of the Motion.[2] The Parish Affidavits, however, and accompanying exhibits do not controvert the Committee's contentions as to the Debtor's ownership of all interests in the Disputed Real Property and, therefore, do not present any triable issues of material fact.

The Parish Affidavits fall into two general categories: (a) 24 affidavits were filed by the various pastors or parish administrators of the Parishes asserting their separate status from the Diocese (the "Clergy Affidavits"); and (b) 24 affidavits were filed by long-time parishioners of each of the Parishes in an attempt to bolster each parish's claim that the parish and/or its parishioners have an ownership in the Disputed Real Property (the "Parishioner Affidavits"). Collectively all 48 Parish

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

[2] The Committee has been informed and believes that the oppositions filed by each of the Parishes to the Committee's Motion for Partial Summary Judgment are substantially identical in form and substance with the exception of their respective Statement of Facts. The affidavits, however, while following a basic format of core assertions (for example, that the Parishes exist independently, are dependent on the financial contribution of their parishioners who donate funds for the "exclusive use" of their parish, have their own bank accounts, hire and fire employees and contract with outside vendors), are each different and contain assertions unique to each parish. In an effort to promote and advance judicial efficiency, the Committee has filed the instant Omnibus Evidentiary Objection which sets forth the overall objections to all of the Parish Affidavits and also attaches in Exhibits 1 through 22 the specific evidentiary to each set of Parish affidavits.

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS 2

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219 Fax: (509) 624-9231

Affidavits seek one thing – to help insulate the Diocese from the claims of the survivors of sex abuse.

## A. The Clergy Affidavits

The first category of Parish Affidavits are the Clergy Affidavits which attempt to establish a triable issue of material fact as to the property ownership and separateness of the Parishes. The Clergy Affidavits proffer generic testimony that falls into several clearly identifiable subcategories[3]: (1) the Parishes have maintained and improved the churches, schools, rectories on property purchased many decades ago, or more recently; (2) the Parishes pay, *inter alia* real property taxes and insurance premiums; (3) the Parishes hire and fire employees, contract with vendors, buy cars, and have gaming licenses; (4) the Parishes have their own bank and investment accounts in the public sector, maintain their own accounting systems, and participate in the Deposit and Loan Fund; and (5) the Parishes have parishioners who through tithing and other donations financially support the parishes and their mission. As a result, the clergy affiants conclude that the Parishes have legal and/or equitable title to the Disputed Real Property. Some of the Clergy Affidavits have lengthy statements detailing the history of the land transactions and building campaigns from the 1920s through the present. Others attach pages of invoices showing repairs and improvements made over the last 50 years. One has offered into evidence a 40-page Centennial History. See Affidavit of Irene Knopes [Docket No. 183]. All of this is aimed at keeping the Disputed Real Property out of the Diocese's bankruptcy estate.

The Clergy Affidavits and accompanying exhibits are completely irrelevant to establish an ownership interest by the Parishes in the Disputed Real Property. As set

---

[3] For ease of reference and the Court's review of the specific evidentiary objections, the Committee has identified and labeled common categories that appear in most, but not all of the affidavits. For example, many of the Clergy affiants have a statement that the Parish has its own bank account, and there is a reference to [banks] or [DLF] in the portion above the quoted paragraph from the affidavit. To the side, is a column with the Committee's specific objection. While there is a common thread to the affidavits, they do not necessarily follow a format or share common paragraph numbers.

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS 3

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219 Fax: (509) 624-9231

forth in the Committee's Memorandum of Authorities in Response to Oppositions and Cross Motion for Summary Judgment, filed contemporaneously herewith, title to every piece of real property is held in fee simple in the name of The Catholic Bishop of Spokane, a corporation sole. A fee simple includes all possible rights and privileges with respect to land. By virtue thereof, the Debtor can exercise "absolute and exclusive control" over the real property. <u>Wingard v. Copeland</u>, 64 Wash. 214, 217 (1911) <u>citing</u> <u>Adams v. Henderson</u>, 168 U.S. 573, 580, 18 S. Ct. 179, 182, 42 L. Ed. 584. In addition, none of the deeds restrict the fee simple estate acquired by the Diocese. Neither the Debtor nor the Parishes have introduced any admissible evidence which would suggest the record title of the subject property is vested in the Debtor in anything other than fee simple. In addition, none of the deeds contain a restrictive use provision which would prevent the real property from being sold or used for any purpose whatsoever.

       The Clergy Affidavits are also irrelevant to the extent that they rely on ecclesiastical legal principles to establish that the use of funds to maintain the Disputed Real Property creates an ownership interest in the Disputed Real Property. Moreover, the affiants improperly rely on inadmissible hearsay, unauthenticated documentary evidence, and testimonial evidence that lacks foundation and draws legal conclusions. Therefore, the Committee generally objects to the Clergy Affidavits in their entirety on those grounds. Fed. R. Evid. 401, 402, 602, 701, and 802.

       Where indicated, the Committee does not dispute the proffered facts and as such no genuine issue of material fact exists concerning the legal and equitable ownership of the Disputed Real Property pursuant to Washington state law. For each of the foregoing reasons and those specifically set forth below, the Clergy Affidavits must not be considered by the Court to the extent that they contain irrelevant and inadmissible evidence.

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS 4

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219 Fax: (509) 624-9231

05-80038-PCW    Doc 240    Filed 06/13/05    Entered 06/13/05 11:01:00    Pg 4 of 20

B. **The Parishioner Affidavits**

The second category of Parish Affidavits are the Parishioner Affidavits provided by non-clergy members of the parishes to establish the parishes' independence and equitable ownership of the Disputed Real Property. The Parishioner Affidavits also proffer generic testimony that falls into several subcategories: (1) that the affiants have participated in capital campaigns for the exclusive use of their respective parishes, which funds were used in many instances to erect buildings, schools, church rectories and other church properties; (2) that affiants have put money in envelopes and placed them in the collection trays with the understanding and belief that their money would finance parish projects; (3) that property was gifted to the parishes for the "exclusive use" of the parish; and (4) that any funding of Diocese projects would be collected and accounted for separately from their donations to the parish.

As with the Clergy Affidavits, the Parishioner Affidavits are irrelevant to determining whether the Disputed Real Property is properly part of the Debtor's estate. The Debtor holds the Disputed Real Property in fee simple, and it is of no consequence that the parishioners used their "sweat equity" to maintain and improve parish structures or intended that their donations to their chosen parish be used only by the parish for the benefit of the parish.

Given their overall irrelevance, and inadmissibility as set forth with greater specificity in the attached exhibits, there are no genuine issues of material fact created by the Parish affidavits concerning the legal ownership of the Disputed Real Property pursuant to Washington state law.

## II.
## JUDICIAL CONSIDERATION OF PARISH AFFIDAVITS

A motion for summary judgment should be granted if the movant has shown that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056(c). Ruling on a motion for summary

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS 5

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219  Fax: (509) 624-9231

05-80038-PCW    Doc 240    Filed 06/13/05    Entered 06/13/05 11:01:00    Pg 5 of 20

judgment necessarily implicates that substantive evidentiary standard of proof which would apply at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

The basic policy underlying Federal Rule of Bankruptcy Procedure 7056(e) is to allow in an affidavit only evidence that could be admitted through witnesses testimony at trial. Pfeil v. Rogers, 757 F.2d 850, 860 (7th Cir. 1985) (quoting 6 Moore's Federal Practice, § 56.22 [1] at 1321-22 (1982)). Therefore to the extent that an affiant's statement is hearsay and does not fit within one of the exceptions to hearsay, that part of the statement must be stricken or disregarded, or the entire affidavit must be stricken. In re Sonicraft, Inc., 238 B.R. 409, 417 (Bankr. N.D. Ill. 1999).

Likewise, exhibits that lack foundation, are irrelevant or are hearsay not covered by one of the exceptions provided in Federal Rule of Evidence 803, are also inadmissible to raise a genuine issue of fact and defeat a motion for summary judgment. See Denney v. City of Albany, 247 F.3d 1172, 1189 n.10 (11th Cir. 2001) ("In considering a summary judgment motion a Court may only consider evidence that is admissible or that could be presented in an admissible form.")

## III.
## SPECIFIC EVIDENTIARY OBJECTIONS

For the convenience of the Court, the Committee's Specific Evidentiary Objections To The Parish Affidavits are organized alphabetically by Parish. An index to the Committee's specific objections is attached hereto as Exhibit "A." In addition, a cross reference index lists the affiants in alphabetical order with reference to page and exhibit numbers is attached hereto as Exhibit "B."

The specific evidentiary objections to each of the Parish Affidavits are attached hereto as Exhibits 1-22, and incorporated herein by reference.

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS  6

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219 Fax: (509) 624-9231

05-80038-PCW    Doc 240    Filed 06/13/05    Entered 06/13/05 11:01:00    Pg 6 of 20

# IV.
## CONCLUSION

For the foregoing reasons, and those specifically set forth below in Exhibits 1 through 22, the Committee respectfully requests that the Court sustain each of its evidentiary objections to the Parish Affidavits, in their entirety, including the exhibits appended thereto.

Dated: June 13, 2005

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

By /s/ James I. Stang
JAMES I. STANG
Counsel for the Committee of Tort Litigants

-and-

ESPOSITO, GEORGE & CAMPBELL, P.L.L.C.

By /s/
JOHN W. CAMPBELL
Counsel for the Committee of Tort Litigants

COMMITTEE OF TORT LITIGANTS
OMNIBUS EVIDENTIARY OBJECTION – PARISH AFFIDAVITS 7

ESPOSITO, GEORGE, & CAMPBELL, P.L.L.C.
421 W. Riverside Avenue, Suite 960
Spokane, WA 99201-0407
Phone: (509) 624-9219 Fax: (509) 624-9231

# INDEX TO COMMITTEE'S
# SPECIFIC OBJECTIONS TO PARISH AFFIDAVITS

**Ex. No. and Parish Name (listed alphabetically)**            **Ex. Page No.**

1. Assumption of the Blessed Virgin Mary Parish .................................................. 1
   - A. Affidavit of Fr. Michael Savelesky (Pastor) [Docket No. 189]
   - B. Affidavit of Joseph Scarpelli (Parishioner) [Docket No. 190]

2. Cathedral of Our Lady of Lourdes ....................................................................... 14
   - A. Affidavit of Monsignor James Ribble (Parish Rector) [Docket No. 163]
   - B. Affidavit of Robert Lee Hamilton (Parishioner) [Docket No. 184]

3. Mary Queen of Heaven Parish ............................................................................. 23
   - A. Affidavit of Fr. Paul Vevik (Pastor) [Docket No. 144]
   - B. Affidavit of Frank Anselmo (Parishioner) [Docket No. 143]

4. Our Lady of Fatima Parish ................................................................................... 32
   - A. Affidavit of Fr. James F. Kuhns (Pastor) [Docket No. 153]
   - B. Affidavit of Frank H. Johnson (Parishioner) [Docket No. 154]

5. Sacred Heart–Spokane Parish ............................................................................... 42
   - A. Affidavit of Rev. Mark Pautler (Pastor) [Docket No. 186]
   - B. Affidavit of Robert H. Lamp (Parishioner) [Docket No. 187]

6. St. Aloysius Parish ................................................................................................ 54
   - A. Affidavit of Donald Weber (Parish Administrator) [Docket No. 205]
   - B. Supplemental Affidavit of Fr. Daniel Barnett [Docket No. 204]

7. St. Ann–Spokane ................................................................................................................ 65

    A.   Affidavit of Earl Craig Bartmess (Parish Administrator)
        [Docket No. 133]

    B.   Affidavit of Linda Kobe-Smith (Member)
        [Docket No. 132]

    C.   Affidavit of John D. Munding (Counsel for Defendant Parishes)
        [Docket No. 134]

8. St. Anne's–Medical Lake ................................................................................................... 73

    A.   Affidavit of Fr. John Krier (Pastor)
        [Docket No. 146]

    B.   Declaration of David R. Tareski (Parishioner)
        [Docket No. 147]

9. St. Anthony's Parish–Spokane ........................................................................................... 81

    A.   Affidavit of Fr. Joachim Hien (Pastor)
        [Docket No.168]

    B.   Affidavit of Edith Marie Coffey (Member)
        [Docket No. 169]

    C.   Affidavit of John D. Munding (Counsel for Defendant Parishes)
        [Docket No. 166]

10. St. Augustine's Parish ....................................................................................................... 91

    A.   Affidavit of Fr. Robert McNeese (Pastor)
        [Docket No.150]

    B.   Declaration of Msgr. Robert A. Pearson (Former Parish Priest)
        [Docket No. 149]

    C.   Declaration of William ("Bill") Ogle (Parishioner)
        [Docket No. 151]

11. St. Charles of Borromeo Parish ...................................................................................... 102

    A.   Affidavit of Fr. Eugene Tracy (Pastor)
        [Docket No. 157]

    B.   Affidavit of Lucille Meyer (Parishioner)
        [Docket No. 156]

12. St. Francis of Assisi Parish ............................................................................................. 113

    A.   Affidavit of Fr. Michael Blackburn, OFM (Pastor)
        [Docket No. 141]

B. Affidavit of Fr. Stephen Barnufsky
[Docket No. 139]

C. Affidavit of George A. Telfer (Member)
[Docket No. 140]

13. St. Francis Xavier Parish .................................................................... 124

   A. Affidavit of Fr. Daniel Barnett
[Docket No. 130]

   B. Affidavit of Eleanor Finley (Parishioner)
[Docket No. 129]

14. St. John Vianney Parish ....................................................................... 136

   A. Affidavit of Rev. Tyrone J. Schaff (Pastor)
[Docket No. 171]

   B. Affidavit of Michael Doonan (Parishioner)
[Docket No. 172]

15. St. Joseph's–Otis Orchards ................................................................. 145

   A. Affidavit of Fr. James Mangan (Pastor)
[Docket No. 179]

   B. Affidavit of James Clift (Parishioner)
[Docket No. 180]

16. St. Joseph's Parish-Colbert ................................................................. 155

   A. Affidavit of Fr. Mike Kwiatkowski (Pastor)
[Docket No. 174]

   B. Affidavit of Patricia L. Peterson (Parishioner)
[Docket No. 175]

17. St. Joseph's Parish–Spokane ............................................................... 167

   A. Affidavit of Sr. Irene Knopes (Pastoral Administrator)
[Docket No. 183]

   B. Affidavit of Jeanne Coe (Parishioner)
[Docket No. 182]

18. St. Mary's Parish - Spokane Valley ..................................................... 180

   A. Affidavit of Rev. Msgr. John Steiner (Pastor)
[Docket No. 199]

   B. Affidavit of Joan Guell (Parishioner)
[Docket No. 198]

19. St. Mary Presentation Parish–Deer Park ......................................................................... 190

   A.  Affidavit of Fr. Albert Grasher
       [Docket No. 137]

   B.  Declaration of Margaret McLean (Parishioner)
       [Docket No. 136]

20. St. Peter's – Spokane Parish ............................................................................................ 210

   A.  Affidavit of Fr. Joseph W. Bell (Pastor)
       [Docket No. 160]

   B.  Declaration of Jack O'Brien (Parishioner)
       [Docket No. 159]

21. St. Rose of Lima Parish .................................................................................................. 218

   A.  Affidavit of Fr. Thomas C. Caswell (Pastor)
       [Docket No. 193]

   B.  Affidavit of Jackson J. Martin (Parishioner)
       [Docket No. 192]

22. St. Thomas More Parish ................................................................................................. 225

   A.  Affidavit of Rev. Abbot Adrian Parcher (Pastor)
       [Docket No. 196]

   B.  Affidavit of Martin G. Weber (Parishioner)
       [Docket No. 195]

# INDEX TO COMMITTEE'S SPECIFIC OBJECTIONS
# TO PARISH AFFIDAVITS
(Listed alphabetically by Affiant or Declarant)

Anselmo, Frank (Parishioner – Mary Queen of Heaven Parish) [Aff. Docket No. 143] .................................................. Ex 3A page 23

Barnett, Fr. Daniel (Pastor – St. Aloysius Parish) [Aff. Docket No. 204] .................................................. Ex. 6B page 59

Barnett, Fr. Daniel (Pastor – St. Francis Xavier Parish) [Supp. Aff. Docket No. 130] .................................................. Ex. 13A page 124

Barnufsky, Fr. Stephen (Pastor - St. Francis of Assisi Parish) [Aff. Docket No. 139] .................................................. Ex. 12A page 113

Bartmess, Craig Earl (Parish Admin. - St. Ann–Spokane) [Aff. Docket No. 133] .................................................. Ex. 7B page 71

Bell, Fr. Joseph W. (Pastor - St. Peter–Spokane Parish) [Aff. Docket No. 160] .................................................. Ex. 20B page 216

Blackburn, Fr. Michael (Pastor - St. Francis of Assisi Parish) [Aff. Docket No. 141] .................................................. Ex. 12C page 122

Caswell, Fr. Thomas (Pastor - St. Rose of Lima Parish) [Aff. Docket No. 193] .................................................. Ex. 21B page 223

Clift, James (Parishioner - St. Joseph–Otis Orchards) [Aff. Docket No. 180] .................................................. Ex. 15B page 153

Coe, Jeanne (Parishioner - St. Joseph's Parish, Spokane) [Aff. Docket No. 182] .................................................. Ex. 17A page 167

Coffy, Edith Marie (Parishioner - St. Anthony's Parish, Spokane) [Aff. Docket No. 169 .................................................. Ex. 9C page 89

Doohan, Michael (Parishioner - St. John Vianney Parish) [Aff. Docket No. 172] .................................................. Ex. 14B page 144

Finley, Eleanor (Parishioner - St. Francis Xavier Parish) [Aff. Docket No. 129] .................................................. Ex. 13B page 134

# EXHIBIT NO. 1

# EXHIBIT 1:

## Specific Evidentiary Objections to Affidavits submitted by Assumption of the Blessed Virgin Mary Parish

| | | |
|---|---|---|
| | **A.     Affidavit of Fr. Michael Savelesky [DOCKET NO. 189]** | |
| | The Committee objects to the entire affidavit to the extent that it inconsistently purports to base all facts contained therein on the **personal knowledge** of the affiant [¶1, line 22] while simultaneously asserting that all facts contained therein are based on a review of certain Parish records [¶ 30, line 6, et seq.].<br><br>The Committee further objects to the entire affidavit on the ground the statements made therein are irrelevant to establishing that the subject Parish property is not properly included in the Debtor's estate.<br><br>In addition to the foregoing, the Committee asserts the following specific objections: | |
| ¶ 4 | Entire paragraph<br><br>*Assumption is one of the parishes in the Catholic Diocese of Spokane. Canon Law recognizes and identifies Assumption as a separate legal entity. In the language of Church law, it is its own "juridic person." [Canons 113 #2; 114 #1; 115 #1; 515 #3]* | Legal conclusion as to "Canon law recognizes and identifies Assumption as a separate legal entity"; legal conclusion, vague and ambiguous as to "own 'juridic person'." |
| ¶ 6 | Entire paragraph [independent]<br><br>*Assumption Parish exists independently of other parishes of the Diocese. It has its own rights and duties, and its own property, distinct from other juridic persons. [Canonss 113-116]* | Lack of foundation as to time prior to affiant's affiliation with parish (2001); legal conclusion, vague and ambiguous as to "exists independently", "its own rights and duties…its own property, distinct from other juridic persons" |
| ¶ 7 | Entire paragraph [property of]<br><br>*Real and personal property acquired by Assumption through gift or acquisition is property of Assumption. [Canon 1267]* | Legal conclusion as to "Real and personal property acquired by…", "is property of Assumption" |

| ¶ 8 | Entire paragraph<br><br>*Assumption was formed by Decree in 1958. Attached hereto as Exhibit "C" is a copy of the Decree. The Decree defines Assumption's community and religious faithful who constitute the parish in accordance with Canon Law. [Canon 515 #1]*<br>Ref. to Ex. C | Legal conclusion, vague and ambiguous as to "was formed", "constitute the parish"; lack of foundation, vague and ambiguous as to "…defines community and religious faithful" |
|---|---|---|
| ¶ 9 | Entire paragraph<br><br>*Assumption was formed in 1958 by its first Parishioners who consisted of 240 families mostly from St. Charles Parish in Spokane. The vacant land consisting of 12.5 acres was purchased in June of 1958 for $12,600.* | Lack of foundation; the statements appear to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as qualified business records; legal conclusion as to "was purchased" |
| ¶ 10 | First sentence [parish]<br><br>*Assumption's Christian faithful ("Parishioners") consist of 732 household, 2139 individuals residing within the geographical community defined by the Decree.*<br><br>Second sentence<br><br>*These individuals and their temporal goods belong to and make up the parish Assumption.*<br><br>Third & fourth Sentence<br><br>*A variety of ministries and services typically found in a Roman Catholic parish are associated with Assumption. Assumption Parish School notably is identified with Assumption as an extension of its life and ministry. [Canons 121, 374, 515, and 1267]* | Lack of foundation; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as qualified business records<br><br>Legal conclusion; vague and ambiguous as to "their temporal goods belong to and make up…"<br><br>Lack of foundation as to "typically found" in a Roman Catholic Parish…" |
| ¶ 11 | First sentence [financial strength]<br><br>*The financial strength or weakness of a parish is dependent almost entirely* | Lack of foundation; speculative; affiant has not been qualified as an expert, and has not established the bases for an expert opinion, on financial matters |

| | | |
|---|---|---|
| | upon its Christian faithful. | |
| | **Second sentence**<br>*Offerings, gifts, and tithes are made by Parishioners of the Parish, for the financial well being of the Parish.* | Lack of foundation; speculative as to the reasons parishioners made financial contributions; hearsay |
| | **Third sentence**<br>*Assumption, since its inception, has raised money through weekly collections, tithes, gifts, and capital campaigns. In recognition of the donations by Parishioners, Assumption issues a statement at the end of each year to each specific donor in accordance with federal income tax regulations. A true and correct copy of one form from Parish records is attached hereto as Exhibit "D".*<br>Ref. to Ex. D | Vague and ambiguous as to "since its inception"; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records; legal conclusion as to "in accordance with federal income tax regulations" |
| ¶ 12 | Entire paragraph [belongs to]<br>*The real property at issue in the Committee's Motion for Summary Judgment belongs to Assumption. Attached hereto as Exhibit "E" is a true and correct copy of the deed from Assumption's records. The real property is referenced by Parcel No. 26265.0001.*<br>Ref. to Ex. E | Legal conclusion as to "real property …belongs to Assumption"; the best evidence as to what Exhibit E purports to establish is the document itself<br>See Exhibit (refutes characterization in ¶ 12: and references "Catholic Bishop of Spokane, a corporation sole" as grantee); |
| ¶ 13 | Entire paragraph<br>*Some of the gifts/donations pertain to weekly tithes, others pertain to specific building campaigns or fund raising for Assumption.* | Lack of foundation as to time prior to 2001; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records |
| ¶ 14 | Entire paragraph<br>*The real property started in 1958 as 12.5 acres of vacant land. Over the next 45 years, the boundaries have changed and significant* | Lack of foundation as to time prior to 2001; vague and ambiguous, lack of foundation as to "Real property started…", "boundaries have changed and significant improvements |

|  |  | *improvements have been made to the property.* | have been made"; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records |
|---|---|---|---|
| ¶ 15 | Entire paragraph | *On July 30, 2003, Assumption also acquired a single family residence at 5103 N. Stevens Street, Spokane, WA. Assumption paid for this real property. Attached as Exhibit "F" is a metroscan property profile. Owner is listed as Assumption Parish.*<br>Ref. to Ex. F | Legal conclusion, lack of foundation as to "Assumption also acquired …", "Assumption paid for this real property"; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records; the best evidence as to what Exhibit F purports to say is the document itself<br><br>Ex. F-18 references grantee as "Catholic Bishop of Spokane D/B/A Assumption Parish" |
| ¶ 16 | Entire paragraph | *The real property described was improved exclusively by money raised by Assumption through its Parishioners. Attached hereto and incorporated herein as Exhibit "G" is a complete summary of the building history associated with Assumption's real property, including various documents pertaining to each building campaign. The building and office were constructed through the donation of both labor and materials by active Parishioners.*<br>Ref. to Ex. G | Lack of foundation as to time prior to 2001; lack of foundation, legal conclusion as to "the real property described was improved exclusively…"; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records; the best evidence of what Exhibit G purports to say are the documents themselves; legal conclusion as to "…Assumption's real property…"; lack of foundation, legal conclusion as to "…constructed through the donation of…" |
| ¶ 17 | Entire paragraph |  | Lack of foundation as to the time prior to |

| | | |
|---|---|---|
| | [insurance]<br><br>*The real property is insured by Assumption and all insurance premiums are paid by Assumption. Attached hereto as Exhibit "H" is a true and correct copy of insurance correspondence and documents to the real property.*<br><br>Ref. to Ex. H | 2001; lack of foundation, as to "real property is insured by Assumption and all…"; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as qualified business records<br><br>See exhibit (references "Catholic Bishop of Spokane Property Schedule") |
| ¶ 18 | Entire paragraph<br><br>*The County, acting through its Local Improvement District, recognizes this real property as belonging to Assumption Parish. Attached hereto as Exhibit "I" is a true and correct copy of the Notice of Local Improvement District. Assumption paid all assessments related thereto.*<br><br>Ref. to Ex. I | Vague and ambiguous as to "County…recognizes this real property…"; hearsay; legal conclusion as to "as belonging to"; the best evidence of what Exhibit I purports to establish is the document itself…" |
| ¶ 19 | Entire paragraph [property taxes]<br><br>*Although exempt from real property taxes, Assumption completes all real property tax exemption forms and pays all fees associated therewith. Attached hereto as Exhibit "J" are copies of various years forms submitted by Spokane County by the Parish since 1961.*<br><br>Ref. to Ex. J | Lack of foundation as to the time prior to 2001; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records |
| ¶ 20 | Entire paragraph<br><br>*Assumption also took the initiative, as owner, to connect the sewer in 1961 and to vacate the city street known as Weile Avenue. Both tasks were completed through formal application and process with the City of Spokane Planning Department. Attached hereto as Exhibit "K" are copies of the applications.* | Lack of foundation as to the time prior to 2001; legal conclusion as to "as owner"; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as |

|  | Ref. to Ex. K | qualified business records |
|---|---|---|
| ¶ 21 | Entire paragraph [DLF]<br><br>*Assumption participates in a Diocesan Deposit and Loan Program. The money deposited is traceable to Assumption bank accounts then back to donations from Parishioners.* | Lack of foundation as to time prior to 2001; vague and ambiguous as to "participates in…"; legal conclusion as to "traceable back to"; affiant has not been qualified as an expert, and has not established the bases for an expert opinion, on financial matters or the tracing of funds; the statements appear to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as qualified business records |
| ¶ 22 | Entire paragraph<br><br>*Assumption has also acquired automobiles since its inception. The automobiles have been used exclusively by Assumption. Attached as Exhibit "L" is a true and correct copy of a gift letter pertaining to a 1959 Belvader. It is titled in the name of Assumption Parish.*<br>Ref. to Ex. L | Lack of foundation as to time prior to 2001; lack of foundation, vague and ambiguous as "…acquired automobiles since its inception"; legal conclusion as to "used exclusively", "titled in the name of…"; the statements appear to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as qualified business records |
| ¶ 23 | Entire paragraph [banks]<br><br>*Assumption and its ministries bank in the public section. Bank accounts are held at:*<br>• *Washington Trust Bank;*<br>• *First National Bank;*<br>• *Rainier National Bank;*<br>• *VISA Card.*<br><br>*These accounts are in Assumption's or its ministries' names exclusively and are referenced by Assumption's* | Lack of foundation as to time prior to 2001; lack of foundation, vague and ambiguous as to "…and its ministries bank..", legal conclusion as to "…accounts are in Assumption's or its ministries' names exclusively"; the statements appear to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or |

|  |  |  |
|---|---|---|
|  | *TIN 91-1427860. The only signatures to these accounts throughout the history of the Parish are the Parish Pastor, including myself presently, and at times designated Parishioners.* | established as qualified business records |
| ¶ 24 | Entire paragraph [own financial records]<br><br>*Assumption maintains its own financial records using a Peachtree and Parish Data System. Financial reports are provided on an annual basis. All income of Assumption is derived from donations, tithes and gifts of Parishioners.* | Lack of foundation as to time prior to 2001; lack of foundation and legal conclusion as to "own financial records..."; vague and ambiguous as to "financial reports are provided..."; legal conclusion as to "All income is derived from..."; affiant has not been qualified as an expert, and has not established the bases for an expert opinion, on financial matters; the statement appears to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents been authenticated or qualified as business records |
| ¶ 25 | Entire paragraph [employees]<br><br>*Assumption has its own employees. The employees are hired and fired by me. The employees are paid by Assumption. The withholding is 91-1427860. Attached hereto as Exhibit "M" is a true and correct copy of an employment confirmation letter.*<br>Ref. to Ex. M | Lack of foundation as to time prior to 2001; legal conclusion and vague and ambiguous as to "own employees"; the statements appear to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the underlying documents, if any, been authenticated or established as qualified business records |
| ¶ 26 | Entire paragraph [contracts]<br><br>*Assumption directly contracts with numerous businesses for goods and services. Those vendors contract with, invoice, and bill Assumption directly. Assumption pays the invoice directly from its checking account.* | Lack of foundation as to time prior to 2001; legal conclusion as to "directly contracts", lack of foundation, vague and ambiguous as to "numerous businesses"; the statements appear to be based upon a review of records which have not been introduced into evidence and would be the best evidence of what they purport to establish, nor have the |