FILED
AUG 2 6 2005
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>THE CATHOLIC BISHOP OF SPOKANE a/k/a THE CATHOLIC DIOCESE OF SPOKANE, a Washington corporation sole,<br><br>    Debtor.<br><br>COMMITTEE OF TORT LITIGANTS,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CATHOLIC DIOCESE OF SPOKANE, et al.,<br><br>    Defendants. | No. 04-08822-PCW11<br>Chapter 11<br><br><br><br><br><br><br>Adversary No. 05-80038-PCW<br><br>MEMORANDUM DECISION RE: EVIDENTIARY OBJECTIONS |

The Tort Litigants' Committee ("TLC"), as part of its pleadings in this constellation of motions for summary judgment, responses and motions to dismiss, filed the following pleadings:

1. Committee of Tort Litigants' Omnibus Evidentiary Objections to Affidavits Proffered by the Debtor in Opposition to the Committee's Motion for Summary Judgment and in Support of Debtor's Cross Motion for Summary Judgment (Docket No. 239); and

2. Committee of Tort Litigants' Omnibus Evidentiary Objections to Affidavits Proffered by the Parishes in Opposition to Committee's Motion for Partial Summary Judgment (Docket No. 240).

Attached to these objections were exhibits which, in great detail, set out the language objected to and the basis of the objection.

MEMORANDUM DECISION RE: . . . - 1

The charts detailing the objections to the debtor's affidavits run to 40 pages. The charts detailing the objections to the Association of Parishes' affidavits run to 233 pages. The Court recognizes that the parishes filed many more affidavits than the debtor. Both the debtor and the parishes were compelled to file extensive responses.

The Court decided at oral argument on the summary judgment motions that a lengthy hearing to consider each and every objection was not a good use of scarce assets. The parties were told that they would be invited to submit additional materials regarding specific objections to be defined at a later date. The Court did that by a law clerk's letter to counsel. All of the affected counsel accepted the invitation to supply additional written argument. The Court has considered the applicable parts of the original objections and responses as well as all of the supplemental materials filed at the Court's request.

The goal of these objections was clearly to eliminate opposing affidavits for technical rather than substantive reasons. Objections to affidavits in a summary judgment motion have their place. On occasion, a party will file affidavits which in whole or in part should not be allowed to stand unchallenged for evidentiary reasons. However, that is certainly not typical. A judge is normally quite capable of determining what to consider and what to discount. The fact that evidence is being allowed for the purpose of this motion does not mean that it would be automatically admitted in an evidentiary hearing. Further, since the Court is dealing with a fraction of the objections, absolutely no conclusions should be drawn as to how the objections not addressed

MEMORANDUM DECISION RE: . . . . - 2

might have been handled.

In dealing with the objections, the Court is ruling on those specific objections upon which it asked for additional material and portions of the affidavits for which there were no detailed objections. As to entire affidavits that were not addressed, the Court makes no ruling. Likewise, with regard to affidavits that are addressed in this decision, to the extent that an objection to a paragraph or exhibit is not discussed, then the Court makes no ruling as to that material and the objection is neither granted nor denied. The Court's purpose is judicial economy. It is only ruling upon those objections which relate to statements upon which the Court relied in reaching its decision on the summary judgment and dismissal motions.

There is an objection based on relevance made in connection with every single affidavit. The Court has considered this objection as to each of the contested affidavits addressed below and concluded that it is without merit. The objection based upon relevance as to each of the following affidavits is denied.

**Affidavit of William S. Skylstad, Exhibit B, Docket No. 210**

The TLC, in its written submissions, withdraws its objection and this exhibit will be admitted for the purpose of summary judgment.

**Affidavit of Eleanor Finley, Docket No. 129**

The TLC objected to the entire affidavit on the basis of relevance and specifically to paragraphs 7-9. The Court invited additional submissions regarding paragraph 7. The specific objection to paragraph 7 is lack of foundation and vague and ambiguous as to the statement about regular contributions and lack

MEMORANDUM DECISION RE: . . . . - 3

of foundation and legal conclusion as to how the money was used. Finally, any documents upon which the affiant relied were not attached.

The objection is overruled as to paragraphs 1-7 and these paragraphs are admitted for the purpose of summary judgment. Paragraphs 8-9 have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs is not being ruled upon. The allowed portions deal with affiant's history at the parish and her intentions and motivations for giving. The statements do not involve a legal conclusion. In general, the testimony is relevant and the weight given to it will be dealt with in the memorandum opinion. For the purpose of summary judgment, there is sufficient foundation.

### Affidavit of Father Daniel Barnett, Docket 130

The TLC objected to the entire affidavit on the basis of relevance and specifically to paragraphs 4-22 and Exhibits A-M. The Court invited additional submissions regarding paragraphs 6 and 11. The specific objection to paragraph 6 is lack of foundation and legal conclusion as to the transfer of the property for $135.00 and the source of the money. Further, the objection states that the underlying documents have not been authenticated or established as business records.

The objection is overruled as to Paragraphs 1-3, 6 and 11. There is sufficient foundation to admit as business records. As to paragraph 6, the Court has reviewed Exhibit C. It is apparent that $135.00 was expended for the lot. There is no apparent income source other than parishioners and the moving party has not

MEMORANDUM DECISION RE: . . . - 4

disputed the contention made throughout this proceeding that the most significant source of funding for the debtor (and the other members of the diocesan family) is free will contributions by parishioners. Therefore, paragraph 6 and Exhibit C are admitted for the purpose of summary judgment.

As to paragraph 11, there is sufficient foundation for a parish priest to make these statements and authenticate Exhibit F. Paragraph 11 and Exhibit F are admitted for the purpose of summary judgment.

Paragraphs 4-5, 7-10, 12-22, Exhibits A-B, D-E and G-M have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs and exhibits is not being ruled upon.

### Affidavit of Father Mike Kwiatkowski, Docket No. 174

The TLC objected to the entire affidavit on the basis of relevance and specifically to paragraphs 4-21 and Exhibits A-N. The Court invited additional submissions as to paragraph 6. The specific objection to paragraph 6 is lack of foundation and that affiant has not been qualified as an expert. The Association of Parishes responded that the affiant is not intended to be an expert, but, as a parish priest, is qualified to speak to the source of funds and reliance on the funds. The objection is overruled as to paragraphs 1-3 and 6. There is sufficient foundation for the statements made. Paragraphs 1-3 and 6 are admitted for the purpose of summary judgment.

Paragraphs 4-5, 7-21 and Exhibits A-N have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those

MEMORANDUM DECISION RE: . . . - 5

paragraphs and exhibits is not being ruled upon.

### Affidavit of Frank Anselmo, Docket 143

The TLC objected to the entire affidavit on the basis of relevance and specifically to paragraphs 3-6. The Court invited additional submissions as to paragraph 4. The specific objection as to paragraph 4 is lack of foundation and legal conclusion. There is sufficient foundation for the statements made. The statement does not involve a legal conclusion. The objection is overruled as to paragraphs 1-2 and 4. Paragraphs 1-2 and 4 are admitted for the purpose of summary judgment.

Paragraphs 3 and 5-6 have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs is not being ruled upon.

### Affidavit of Father Paul Vevik, Docket 144

The TLC objected to the entire affidavit on the basis of relevance and specifically paragraphs 4-18 and Exhibits A-G. The Court invited additional argument as to paragraphs 13 and 18. The specific objection to paragraph 13 is lack of foundation and legal conclusion. The statement that donations were for the exclusive use and benefit of the parish does not rise to the level of a legal conclusion. On the other hand, the statement that the donations were used in compliance with Washington law and canon law do constitute a legal conclusion. The portion of the sentence reading "In accordance with Canon Law and Washington Law" is struck and the balance is admitted. Exhibit F is admitted.

The objection to paragraph 18 is lack of foundation and legal conclusion. The statements do not constitute legal conclusions and

MEMORANDUM DECISION RE: . . . . - 6

there is sufficient foundation.

Paragraphs 1-3, 13, 18 and Exhibit F are admitted except as noted above for the purpose of summary judgment. Paragraphs 4-12, 14-17, Exhibits A-E and G have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs and exhibits is not being ruled upon.

### Affidavit of Father John Krier, Docket 146

The TLC objected to the entire affidavit on the basis of relevance and specifically to paragraphs 4-13 and Exhibits A-C. The Court invited additional argument as to paragraph 9. The specific objection to paragraph 9 is lack of foundation and personal knowledge. There is sufficient foundation to support the statement. Paragraphs 1-3 and 9 are admitted for the purpose of summary judgment.

Paragraphs 4-8, 10-13 and Exhibits A-C have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs is not being ruled upon.

### Affidavit of David Tareski, Docket 147

The TLC objects to the entire affidavit on the basis of relevance and specifically to paragraphs 5-11. The Court invited additional argument as to paragraph 11. The specific objection is hearsay and lack of foundation. The TLC appears to have retreated from the hearsay objection since they did not further explain the objection on this point. Further, the Court does not find hearsay to be present. There is sufficient foundation for the statements. Paragraphs 1-3 and 11 are admitted for the purpose of summary

MEMORANDUM DECISION RE: . . . . - 7

judgment.

Paragraphs 5-10 have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs is not being ruled upon.

### Affidavit of Father Stephen Barnufsky, Docket 139

The TLC objects to the entire affidavit on the basis of relevance and specifically to paragraphs 4-7. The Court invited additional arguments as to paragraphs 5 and 6. The specific objection to paragraphs 5 and 6 was that it involved a lack of foundation regarding a statement that Father Barnufsky was a legal representative of the Franciscan Fathers. The Court concludes that the affidavit and exhibit establish foundation. There is a reference in the objection to a legal conclusion, but no further development is provided. The TLC argues that Father Barnufsky's testimony cannot establish intent and furthermore the subjective intent of the transferor is irrelevant. *See*, *Engel v. Breske*, 37 Wn.App. 526, 681 P.2d 263 (1984); *Zioncheck v. Nadeau*, 196 Wn. 33, 81 P.2d 811 (1938). Neither case is persuasive in this instance. Paragraphs 1-3, 5-6 and Exhibit A are admitted.

Paragraphs 4 and 7 have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss, and the evidentiary objection to those paragraphs is not being ruled upon.

### Affidavit of George Telfer, Docket 140

The TLC objects to the entire affidavit on the basis of relevance and specifically to paragraphs 4-7 and Exhibit A. The Court invited additional arguments as to paragraph 7. The specific

MEMORANDUM DECISION RE: . . . - 8

objection as to paragraph 7 is that it states a legal conclusion. No legal conclusion is made. Paragraphs 1-3 and 7 are admitted for the purpose of summary judgment.

Paragraphs 4-6 and Exhibit A have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs is not being ruled upon.

### Affidavit of Father Michael Blackburn, Docket 141

The TLC objects to the entire affidavit on the basis of relevance and specifically to paragraphs 4-17 and Exhibits A-F. The Court invited additional arguments as to paragraph 9. The specific objection is lack of foundation and personal knowledge. The Association of Parishes responds that the affiant is not intended to be an expert, but, as a parish priest, is qualified to speak to the source of funds and reliance on the funds. Paragraphs 1-3 and 9 are admitted for the purpose of summary judgment.

Paragraphs 4-8, 10-17 and Exhibits A-F have not been relied upon by the Court in making its ruling on the motions for summary judgment or to dismiss and the evidentiary objection to those paragraphs is not being ruled upon.

### CONCLUSION

As previously noted, the Court is only ruling on specific paragraphs and exhibits in affidavits. To the extent that an affidavit is not mentioned at all or there is not a specific ruling as to a paragraph or exhibit, the objection is neither granted nor denied as the paragraph or exhibit has not been relied upon. The Court has attempted to identify each paragraph and exhibit and whether it is being ruled upon or not. In the event the Court

MEMORANDUM DECISION RE: . . . . - 9

failed to mention an affidavit, paragraph or exhibit the foregoing general rule should be applied.

DATED this 26th day of August, 2005.

PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 10